CYPRESS LUMBER & SHINGLE COMPANY v. TILLAR.

Opinion delivered December 17, 1904.

JUDICIAL SALE—ABATEMENT OF PRICE:—Where it is conceded that the purchaser of several tracts of land in bulk at judicial sale is entitled to a reduction in price on account of failure of title to one of the tracts, the amount of reduction depends on the extent that the price of the land was enhanced by the inclusion of such tract in the bulk of the property sold.

Appeal from Pulaski Chancery Court.

THOMAS B. MARTIN, Chancellor.

Affirmed.

### STATEMENT BY THE COURT.

The firm of Tillar & Wilson, composed of T. F. Tillar, T. O. Wilson and F. S. Wellman, was in the year 1900 engaged in the business of manufacturing cypress shingles. The firm was the owner of several cypress brakes, and also the owner of several shingle mills. In the year 1900 T. F. Tillar commenced an action to wind up the affairs of the partnership, and during the progress of this litigation a receiver was appointed to take charge of and operate the mills during the pendency of the litigation. Afterwards, by consent of the parties, an order was made for the sale of all the partnership property, including the mills and cypress brakes. The title of some of these brakes was in T. F. Tillar, and some in Wilson, and the title to one of the brakes, known as the Clarke brake, was in J. T. W. Tillar, who, though not a member of the firm, was made a party to the suit. The order of sale directed that the property be sold in bulk, and that T. F. Tillar, T. O. Wilson and J. T. W. Tillar after the sale execute to the purchaser deeds to such portions of the property as they held title to, respectively. Thereafter the property, consisting of mills and cypress brakes, was on the 29th of July, 1901, sold to the Cypress Lumber Company for the sum of $15,000. Of this sum $5,000 were paid in cash, and for the remainder the purchaser executed two notes for $5,000 each, payable one in six and the other in twelve months after date, with interest at the rate of 8 per cent. per annum. This sale was confirmed by the court, and the receiver was ordered to turn over the property to the purchaser. The order further directed that T. O. Wilson, T. F. Tillar and J. T. W. Tillar "execute deeds to the purchaser for the land and timber the legal title to which is held, respectively, by them in their names." The Cypress Lumber Company took possession under the sale and order of the court, and afterwards in December filed a petition alleging that the parties named above had not executed deeds as ordered, and asking that the court compel them to do so.

The parties, T. O. Wilson, T. F. Tillar and J. T. W. Tillar, filed answers to this petition, in which it was admitted that the title to the Clarke brake had failed, and that they were not able to make title to the purchaser for that brake, and for that reason had declined to execute a deed. This Clarke brake had been owned or claimed by T. F. Tillar and J. T. W. Tillar, but the title was in J. T. W. Tillar, or supposed to be in him. The two Tillars sold the brake to the firm of Tillar & Wilson, composed of T. F. Tillar, T. O. Wilson and F. M. Wellman, the consideration for the sale being the sum of $6,000, which the firm agreed to pay, and upon the payment of which the Tillars agreed to convey title to the firm.

The Cypress Lumber Company contended that, as the title to the Clarke brake had failed, it was entitled to have an abatement in the purchase it had agreed to pay for the property to the extent of $6,000, the price which the company asserts it agreed to pay for the Clarke brake. On the other hand, the opposite parties alleged that the value of the Clarke brake was not more than one-third of the whole property sold, and stated that they were willing that the purchase price should be abated in proportion as the value of that brake was to the whole property sold.

On the hearing the court allowed a rebate of $5,500 from the amount bid by the Cypress Lumber Company for the whole property, and the company appealed.

*Ratcliffe & Fletcher,* for appellant.

The decree under which the sale was made, and the decree which confirmed the sale fixed the rights of the purchaser, and was a contract between the court and the purchaser. 32 Fed. 332. In the absence of any proof as to the character of deed to be executed, it is presumed that a warranty deed was intended. 13 Fed. 11; 13 Ark. 422; 33 Ark. 255; Rorer, Jud. Sales, §§ 150, 175; 63 Ark. 551; 66 Ark. 436. The court is bound, in the same measure as an individual, to carry out the contract implied in its decree and make a warranty deed. 5 Wheat. 906; 15 How. 309; 45 Ark. 88; 89 Mich. 481; 71 N. Y. 527.

*W. S. & F. L. McCain,* for appellees.

The recovery on a warranty deed cannot exceed the damage occasioned the complainant by its breach. 54 Ark. 195; 1 Ark. 313; 23 Ark. 590; 43 Ark. 439. Appellants should have tendered back all they had obtained under the sale and asked a rescission. 66 Ark. 433; 66 Ark. 355.

*Ratcliffe & Fletcher,* for appellant in reply.

See further on the effect of the warranty: 59 Ark. 185; 9 B. Mon. 57; 17 *Ib.* 73; 3 A. K. Marsh, 322; 44 Mass. 488.

RIDDICK, J., (after stating the facts.) The question to be determined in this case is what amount the purchaser of the property of the firm of Tillar & Wilson at a receiver's sale is entitled to have deducted from the purchase price agreed to be paid therefor on account of the failure of the title to the Clarke brake, that being a part of the property sold and a part of that for which the price was to be paid. Neither side asks that the sale be set aside, and it is conceded that under the circumstances the purchaser is entitled to have the purchase price abated to the extent that the inclusion of the Clarke brake enhanced the price which the purchaser agreed to pay for the whole property. There is no controversy about these points. Now, as no special price was named for this particular part of the property, the title of which has failed, the extent to which its sale enhanced the purchase price of the whole must be ascertained by finding what the proportion of its actual value is to the value of the whole property sold; then a like proportion of the whole purchase price will represent the amount to be deducted from that price, on account of the failure of the title to the Clarke brake.

The order of the court under which the sale was made directed the parties to convey to the purchaser the property to which they or either of them held title. But this was nothing more than the means by which the court sought to divest the title of the property from the parties who held the title, and to vest it in the purchaser at the sale made under the decree. It did not amount to an order that these parties should warrant the title to this property, but was simply an order that they should convey what title they had. But, as the parties have failed to convey a portion of the property to the purchaser as directed by the court, for the reason that they have discovered that they do not own

such property, they admit that the purchaser is entitled to a reduction *pro tanto* upon the amount of its bid for the whole property. 17 Am. & Eng. Enc. of Law (2d Ed.), 1021-1023.

As this brake, which the parties failed to convey to the purchaser, was sold in bulk along with the other property, the court below allowed a rebate on the purchase price to the extent that the evidence showed that the price was enhanced by the inclusion of this brake in the bulk of the property sold. As before stated, we think that this was correct, for it was not a question of how much this brake cost the firm of Tillar & Wilson, but how much it cost the purchaser at the receiver's sale; in other words, the question was to what extent its sale enhanced the price the purchaser agreed to pay. There is much conflict in the evidence as to the value of this Clarke brake, and as to the effect on the price made by its inclusion in the sale; but we see no ground for interfering with the finding of the court on that point, and it must stand.

The court ordered that the amount to be deducted on account of the failure of the title to the Clarke brake should be credited on the note for the purchase price that would first fall due. But as the inclusion of this property caused the purchaser, under the terms of the sale, to pay a greater proportion of the price in cash than they would otherwise have been required to do, it seems to us that it would have been more equitable to have credited the amount on the note last due. As both notes are now due, we suppose that this is a matter no longer of any importance; but, if desired, the decree may be so modified to that extent. In all other respects it is affirmed.